November 23, 2015

**VIA ECF**

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *SEC v. Robert Stewart et al.*, No. 15-cv-03719 (AT)

Dear Judge Torres,

      Robert Stewart and the Securities and Exchange Commission ("SEC") respectfully submit this joint letter to the Court pursuant to Local Civil Rule 37.2 and the Court's Individual Practices, to request a discovery conference with respect to a dispute that has arisen in the context of the SEC's First Request for Production of Documents (the "Request"). Specifically, Defendant Robert Stewart submits that his obligation to respond and produce any documents pending resolution of the parallel criminal matter should be stayed. The SEC submits that consistent with this Court's prior order and the discovery obligations of the other defendant in this matter, it is entitled to both documents and a response to the Request at this time. The U.S. Attorney for the Southern District of New York (the "U.S. Attorney") has informed the SEC that it does not join in Robert Stewart's request for a complete stay of the discovery against him. The parties have met and conferred and have not been able to resolve this dispute.

      The SEC filed the Complaint in this action (the "SEC Action") on May 14, 2015, against Sean and Robert Stewart. Both defendants were also charged that day in a parallel criminal Complaint brought by the U.S. Attorney, and were subsequently indicted. *United States v. Sean Stewart and Robert Stewart,* S1 15 Cr. 287 (LTS) (the "Criminal Action"). On July 31, 2015, the U.S. Attorney moved to intervene in the SEC Action and to stay, for all parties to the SEC Action, "depositions, interrogatories, requests for admission, and production of transcripts of testimony before the [SEC] and notes of interviews with, and any form of discovery that would create statements of, any person whom the Government asserts may be called as a witness in the criminal prosecution, until the conclusion of the criminal action." (Doc. No. 21.) On August 12, 2015, Robert Stewart pled guilty in the Criminal Action. Later that afternoon, the parties to the SEC Action, and a representative of the U.S. Attorney, appeared for an initial conference in the SEC Action.

      During the conference, the Court inquired as to the parties' positions on the U.S. Attorney's motion to stay. The SEC did not oppose the limited stay proposed by the U.S. Attorney. Counsel for Sean Stewart sought exclusion from a stay of documents reflecting statements of potential witnesses in existence as of May 14, 2015. Counsel for Robert Stewart advised the Court that Robert Stewart had just pleaded guilty in the criminal case and was currently engaged in settlement communications with the SEC. Counsel for Robert Stewart did

Hon. Analisa Torres
November 23, 2015
Page 2

not express a position on the limited stay except to request that Robert Stewart not have to file an answer, which otherwise was due on September 10, 2015.

At the conclusion of the conference, the Court set a briefing schedule as to the stay issue. Also, upon consideration of the concerns expressed by both the SEC and Robert Stewart, the Court indefinitely suspended Robert Stewart's obligation to answer the Complaint and directed Robert Stewart and the SEC to submit a joint letter to the Court by September 10, 2015, providing a status update on settlement discussions. (Doc. No. 28.) Robert Stewart and the SEC have since jointly informed the Court that they have been unable to reach a settlement.

On August 17, 2015, counsel to Sean Stewart submitted a letter to the Court, advising that the issues regarding the scope of the stay sought by the U.S. Attorney that he had raised at the conference had been resolved, and specifically, that: (i) the U.S. Attorney had agreed to exclude from the scope of its stay motion "discovery of all documents that existed as of May 14, 2015, the date the SEC complaint was filed in this case"; and (ii) the SEC "agreed to not oppose the extension of the stay to include defendant's answer . . . provided that defendant discloses to the staff any affirmative defenses Sean Stewart currently anticipates asserting in the litigation, and continuously updates that disclosure as new affirmative defenses arise, up through the filing of his answer." (Doc. No. 29.)

On August 18, 2015, the Court granted the U.S. Attorney's motion to intervene and for a partial stay, as modified by agreement. (Doc. No. 30). Thus, the current order in the SEC Action stays depositions, interrogatories, requests for admission, and production of transcripts of testimony before the SEC and notes of interviews with, and any form of discovery that would create statements of, any person whom the Government asserts may be called as a witness in the criminal prosecution until the conclusion of the criminal action, but excludes "all documents that existed as of May 14, 2015." (*Id.*) In addition, the Court stayed Sean Stewart's obligation to answer the Complaint, "provided that he discloses to the Plaintiff any currently anticipated affirmative defenses and continuously updates that disclosure up through the filing of his answer." (*Id.*)

On September 11, 2015, the SEC served the Request on each of Sean and Robert Stewart. Sean Stewart has since responded and produced some documents. On September 10, 2015, Sean Stewart served his First Request for the Production of Documents on the SEC. The SEC has since responded and produced documents to both Sean Stewart and Robert Stewart. Robert Stewart has not served any discovery requests.

Defendant Robert Stewart has not responded to the Request, and submits that the stay in this case should apply to all discovery between Robert Stewart and the SEC. The SEC disagrees and seeks from Robert Stewart both documents and a response to the Request at this time.

Hon. Analisa Torres
November 23, 2015
Page 3

On October 23, 2015, at approximately 3:30 p.m., the parties unsuccessfully attempted to resolve this issue by meeting and conferring telephonically. At that time, counsel for the SEC (Catherine Pappas and David Snyder) spoke with counsel for Robert Stewart (Jillian Berman and Christos Papapetrou). Because the parties have not resolved the issue, we jointly request a conference with the Court.

Respectfully submitted,

| | |
|---|---|
| /s/ Catherine E. Pappas | /s/ Jillian B. Berman |
| Catherine E. Pappas | Seth L. Levine |
| David W. Snyder | Jillian B. Berman |
| U.S. Securities and Exchange Commission | LEVINE LEE LLP |
| 1617 JFK Boulevard, Suite 520 | 666 Fifth Avenue |
| Philadelphia, PA 19103 | New York, NY 10103 |
| 215-597-3486 | 212-223-4400 |
| *Attorneys for Plaintiff Securities and Exchange Commission* | *Attorneys for Defendant Robert Stewart* |